**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Haro, | No. CV-17-00285-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| GGP-Tucson Mall LLC, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Strike Defendants' Objection to Plaintiff's First Through Fifth Supplemental Disclosures (Doc. 30), Plaintiff's motion in limine (Doc. 36), and Defendants' motions in limine (Docs. 38–44). The Motions are fully briefed or the time to respond has passed.

Plaintiff requests that the Court strike a filing by Defendants in this matter. This document was not filed with the Court, instead a Certificate of Service was filed with the Court (Doc. 29). Accordingly, there is nothing for the Court to strike. Plaintiff's motion to strike (Doc. 30) will be denied.

Plaintiff's motion in limine (Doc. 36) shall be denied as moot as Defendants no longer object and have agreed that Norma Rodriguez and Adam Reyes will not testify as to the industry's standard of care (Doc. 53).

Defendants filed seven motions in limine. (Docs. 38–44.) Plaintiff has filed responses to the motions in limine. (Docs. 46–52.)

**MOTION IN LIMINE NO. 1**

Defendants' Motion in Limine No. 1 (Doc. 38) requests that Carlos Verdugo and Jorge Quintero not be permitted to testify. Defendants argue that the two contested witnesses were not disclosed as potential trial witnesses until months after the close of discovery in the Joint Proposed Pretrial Order and that this delay prejudiced Defendants; therefore the witnesses should be excluded pursuant to Federal Rule of Evidence 403, General Order 17-08, and Federal Rules of Civil Procedure 26(a)(1)(A), 37(c)(1). Plaintiff argues that the contested witnesses were disclosed to Defendants on October 26, 2017, well before the end of discovery, in a Request for Admissions; and that the Request for Admission and that Defendants questioned Plaintiff regarding the contested witnesses in her deposition in combination with the Initial Disclosure Statement and the Mandatory Initial Disclosure Statement, which listed "Any and all witnesses listed or mentioned in discovery or depositions and who may be listed or called by defendants" as potential trial witnesses provided Defendants with sufficient notice of the potential trial witnesses. (Doc. 46.)

First, the Court must determine if Plaintiff violated Federal Rule of Civil Procedure 26(a) and (e). It is unclear to the Court when Plaintiff learned of the contested witnesses. If it was prior to the initial disclosure, then Plaintiff failed to comply with Federal Rule of Civil Procedure 26(a). If it was after the initial disclosure, then Plaintiff likely notified Defendants of the potential witnesses with sufficient time, but this does not explain why the witnesses were not included in Plaintiff's supplemental disclosures. The use of the catch-all in the disclosures does not comply with the purpose of Federal Rule of Civil Procedure 26, which is to prevent gamesmanship and surprise. Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments. Further, evasive or incomplete disclosure is treated as a failure to disclose. Fed. R. Civ. P. 37 (a)(4). The Court finds that Plaintiff failed to comply with General Order 17-08, and Federal Rules of Civil Procedure 26(a)(1)(A), 37(c)(1). Further, the Court ordered that Plaintiff disclose all fact witnesses under Rule 26(a)(3) on or before February 28, 2018. (Doc. 21.) Therefore, Plaintiff did not comply

with the discovery deadlines in this matter.

Rule 37 of the Federal Rules of Civil Procedure states that "(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit. (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." The burden is on the party attempting to avoid sanctions. *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). While preclusion is not mandatory, it is warranted in the ordinary case. *Id*. The Court will consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (quoting *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)). The Court will consider each of the five factors in turn. First, Plaintiff did not disclose that she may call the contested witnesses until after discovery was closed. The pretrial disclosure deadline was February 28, 2018. (Doc. 21.) Therefore, the surprise to Defendants is substantial. Plaintiff ignored the deadline set by this Court. Second, if Defendants need further time to question the contested witnesses, that time may be provided by the Court. Any surprise that is present appears to be easily cured. Third, any extension would not disrupt the trial as the trial has not been set. Fourth, as the contested witnesses were eyewitnesses, it does appear that they may have important information for the fact-finder in this matter. Fifth, Plaintiff did not provide a reason for the nondisclosure. However, the reason for the nondisclosure does not alter the balance of the other factors,

weigh against preclusion. When preclusion of the evidence would amount to a dismissal of the claim, the Court should go further in their analysis. *R & R Sails, Inc.*, 673 F.3d at 1247. It does not appear nor does Plaintiff argue that preclusion of the contested witnesses amounts to a dismissal of the claim. Therefore, the Court does not need to inquire into the willfulness, bad faith, or fault implicated in the failure to abide by the Federal Rules of Civil Procedure. *Id*. The Court will deny Defendants' Motion in Limine No. 1 (Doc. 38).

**MOTION IN LIMINE NO. 2**

Defendants' Motion in Limine No. 2 requests that lay witnesses be precluded from testifying regarding the cause of Plaintiff's injuries at trial. (Doc. 39.) Defendants argue that due to the complexity of Plaintiff's medical history, which appears to be extensive, that the medical cause of her specific injuries requires specialized knowledge, skill, and expertise and that medical causation in this matter requires an expert witness. Plaintiff states that the fact witnesses listed will provide their first-hand account of Plaintiff's condition prior to and after the fall. (Doc. 47.) Further, Rule 701 of the Federal Rules of Evidence allows lay witnesses to offer opinions when it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Plaintiff's lay witnesses will be permitted to testify regarding their first-hand knowledge and may state their opinion within the mandate of Rule 701 of the Federal Rules of Evidence. The exact cause of each injury, especially as it is temporally removed from the fall, would require scientific, technical, or other specialized knowledge within the scope of Rule 702 and therefore will not be permitted. Accordingly, Defendants' Motion in Limine No. 2 (Doc. 39) will be granted to the extent the opinions require scientific, technical, or other specialized knowledge within the scope of Rule 702 and will not be permitted from the lay witnesses.

**MOTION IN LIMINE NO. 3**

Defendants' Motion in Limine No. 3 requests that Plaintiff be precluded from asserting a claim for future medical expenses and treatment. (Doc. 40.) Defendants argue future medical expenses and treatments require expert testimony and that Plaintiff failed to assert that she will present expert evidence. Further Defendants argue that Plaintiff responded in the affirmative to the request for admission: "Admit that you have completed all medical care for any injuries allegedly sustained in the Subject Incident of July 5, 2015, which is the subject of your Complaint." Plaintiff states that there are only follow up visits currently, which her treating physicians could testify regarding. (Doc. 48.)

Rule 36(b) of the Federal Rules of Civil Procedure states "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Plaintiff has not moved to have the admission withdrawn or amended and when given the opportunity to deny it in the response to Defendants' Motion in Limine No. 3, Plaintiff fails to do so. Plaintiff will be precluded from arguing that her medical treatment continues past October 2017. Defendants' Motion in Limine No. 3 (Doc. 40) will be granted.

**MOTION IN LIMINE NO. 4**

Defendants' Motion in Limine No. 4 requests that Plaintiff's treating physicians be precluded from testifying regarding causation. (Doc. 41.)

Defendants argue that because Plaintiff is not designating the treating physicians as experts that they should be precluded from testifying as to causation of her injuries. Defendants further argue that the physicians' opinions are not reliable and lack independent support. First, Plaintiff did not visit Dr. Din or Dr. Rivero[1] until approximately seven and eleven months respectively after the fall. Second, each doctor only received information regarding Plaintiff's medical history from her, which Defendants allege is incomplete. Neither doctor can present information regarding Plaintiff's physical state prior to the fall. Defendants surmise that the treating physicians' opinions should be considered under Rule

---

[1] Defendants only mention Dr. Din or Dr. Rivero by name.

702 of the Federal Rules of Evidence as they are based on technical or specialized medical knowledge; however, the opinions are insufficiently reliable and do not have independent support. Further, Defendants argue that if the Court applies Rule 701 of the Federal Rules of Evidence that the opinions are not based on rational facts that the witness perceived first hand.

Plaintiff argues that treating physicians, such as Dr. Gutierrez, Dr. Din, Dr. Rivero, and Dr. Klein, consistently testify regarding diagnosis, treatment, prognosis, and causation without being classified as experts. (Doc. 49.) These opinions come about in the course of treatment and do not require classification as experts.

As Plaintiff makes no claim that the treating physicians are experts under Rule 702 of the Federal Rules of Evidence or reliable under *Daubert*,[2] the Court will only consider if the opinions should be allowed under Rule 701. Plaintiff's reliance on *Alfaro v. D. Las Vegas, Inc.*, No. 2:15-CV-02190-MMD-PAL, 2016 WL 4473421 (D. Nev. Aug. 24, 2016), *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), and *Elgas v. Colo. Belle Corp.*, 179 F.R.D. 296 (D. Nev. 1998) is misplaced, as those cases evaluate the duty to present expert reports under Federal Rules of Civil Procedure and not admissibility under the Federal Rules of Evidence. These cases examined if the proponent of the evidence erred by failing to provide a written report under Fed. R. Civ. P. 26(a)(2)(B).

To be presented at trial, testimony of treating physicians must be admissible under the Federal Rules of Evidence. Rule 701 states: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." A treating physician's opinion on causation based on the injury or history of a patient is clearly based on scientific, technical, or specialized knowledge within the scope of Rule 702.

---

[2] Plaintiff has the burden to show that witnesses qualify as experts. *United States v. 87.98 Acres of Land More or Less in the Cty. of Merced*, 530 F.3d 899, 904 (9th Cir. 2008)

- 6 -

Rule 702 states: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Plaintiff argues that the simple fact that the witnesses are treating physicians qualifies them to testify regarding causation in this matter. This is incorrect. The causation of the specific injuries would be based on knowledge within the scope of Rule 702 and Plaintiff has not carried the burden that the doctors would be qualified under Rule 702.

Accordingly, Defendants' Motion in Limine No. 4 (Doc. 41) will be granted, the treating physicians may testify regarding their diagnosis and treatment, but not the specific causation of the injuries.

**MOTION IN LIMINE NO. 5**

Defendants' Motion in Limine No. 5 requests that Plaintiff's lay witnesses be precluded from testifying regarding the standard of care. (Doc. 42.) Plaintiff does not object to this motion in limine. (Doc. 50.) Accordingly, Defendants' Motion in Limine No. 5 (Doc. 42) shall be granted as Plaintiff does not object.

**MOTION IN LIMINE NO. 6**

Defendants' Motion in Limine No. 6 requests that Plaintiff be precluded from commenting that Defendants failed to accept or acknowledge responsibility. (Doc. 43.)

Defendants argue that Plaintiff should be prevented from arguing that Defendants are avoiding responsibility, when Defendants argue that they are simply exercising their right to dispute liability and damages. Defendants argue that this would be inflammatory and inadmissible under Rule 403 of the Federal Rules of Evidence.

Plaintiff argues that Defendants have failed to provide appropriate case law and that Plaintiff believes the Court can control the courtroom without granting this motion in limine. (Doc. 51.)

An admonition cannot unring a wrongly-rung bell. It can only lessen the prejudicial nature of the offensive ring. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds that failure to acknowledge or accept of responsibility has limited to no probative value in this matter and that it would confuse the issues, mislead the jury, and provide delays if the Court must hear objections and responses and then provide a curative instruction.

Accordingly, Defendants' Motion in Limine No. 6 (Doc. 43) will be granted to the extent that the Defendants' failure to acknowledge responsibility shall be precluded from the trial.

**MOTION IN LIMINE NO. 7**

Defendants' Motion in Limine No. 7 requests that Plaintiff be precluded from presenting evidence that was not properly disclosed prior to the close of discovery. (Doc. 44.) Plaintiff provided a third, fourth, and fifth supplemental disclosures via e-mail after the close of discovery. These disclosures included some medical records for treatments.

Defendants argue that the disclosures were after the discovery deadline and therefore should be excluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure. Defendants argue that there is no reason or justification in the delay as many of the treatments happened in 2016 and 2017, well before the discovery deadline. Defendants also contest the service of this discovery over e-mail, as they contend they did not consent to such service.

Plaintiff argues that the disclosures are timely as they are pretrial disclosures under Rule 26(a)(3)(B) and therefore must be made 30 days prior to trial unless the Court orders otherwise. (Doc. 52.) Further, Plaintiff argues that Defendants had access to these records as early as January 3, 2018, when Defendants disclosed them to Plaintiff. Plaintiff finally contends that Defendants did consent to electronic receipt of these documents.

Plaintiff is mistaken about the disclosure deadlines. On September 21, 2017, the

Court signed the Scheduling Order, which overruled the deadline set in Rule 26(a)(3). The Court initially set the deadline for disclosure of fact witnesses under Rule 26(a)(2) for Plaintiff as December 29, 2017. (Doc. 17.) This deadline was later continued to February 28, 2018, based on the parties' joint motion. (Doc. 21.) Therefore, the remaining question is if Rule 37 requires preclusion of the untimely disclosure.

Rule 37 of the Federal Rules of Civil Procedure states that "(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit. (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." The burden is on the party attempting to avoid sanctions. *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Preclusion is not mandatory, but in the ordinary case it is warranted. *Id*. The Court will consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (quoting *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)). Plaintiff failed to abide the deadline of the Court. However, Defendants had the records before the close of discovery. The surprise to Defendants is minimal. If Defendants need further time to review the documents, that time may be provided by the Court. Any surprise that is present appears to be easily cured, as Defendants already had the medical records. Any extension would not disrupt the trial as the trial has not been set. It does appear that the medical records may have important information for the fact-finder

in this matter. Plaintiff did not provide a reason for the nondisclosure. However, the other factors weigh in favor of a ruling that the nondisclosure was harmless, the reason for the nondisclosure does not alter the balance. There has been no bad faith or willfulness alleged. When preclusion of the evidence would amount to a dismissal of the claim, the Court should go further in their analysis. *R & R Sails, Inc.*, 673 F.3d at 1247. It does not appear nor does Plaintiff argue that preclusion of the contested witnesses amounts to a dismissal of the claim. Therefore, the Court does not need to inquire into the willfulness, bad faith, or fault implicated in the failure to abide by the Federal Rules of Civil Procedure. *Id*.

Accordingly, Defendants' Motion in Limine No. 7 (Doc. 44) will be denied.

**CONCLUSION**

IT IS ORDERED that the following motions in limine are granted in accordance with this Order: Defendants' Motion in Limine No. 2 (Doc. 39), Defendants' Motion in Limine No. 3 (Doc. 40), Defendants' Motion in Limine No. 4 (Doc. 41), Defendants' Motion in Limine No. 5 (Doc. 42), and Defendants' Motion in Limine No. 6 (Doc. 43).

IT IS FURTHER ORDERED that the following motions are denied in accordance with this Order: Plaintiff's motion to strike (Doc. 30), Plaintiff's motion in limine (Doc. 36), Defendants' Motion in Limine No. 1 (Doc. 38), and Defendants' Motion in Limine No. 7 (Doc. 44).

**TRIAL DATES AND RELATED ISSUES**

The Court notes that it has also reviewed the parties' Joint Proposed Pretrial Order ("PTO"). At this time, the Court has the following dates available for the jury trial in this case: 8/5/19, 8/12/19, 8/19/19. The parties shall consult with each other and shall file a notice with the Court by 2/22/19 informing the Court what date is mutually agreeable for the parties. If none of these dates work for the parties, by 2/22/19, the parties shall provide the Court with three mutually agreeable trial dates that start on a Monday (the earliest the Court is available is 8/5/19). Once a trial date is chosen that works for the parties and the Court, the Court will send out a Pretrial Order adopting the trial date, and the Court typically sets a pretrial conference on the Thursday (at approximately 2:00 p.m.)

immediately before the trial date and will include other instructions related to trial. The Court has attached a sample pretrial order that may be helpful for planning purposes.

Dated this 30th day of January, 2019.

Honorable James A. Soto
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| ***, | ) | No. CV ***-TUC-JAS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) |  |
| ***, | ) |  |
| Defendants. | ) |  |

IT IS HEREBY ORDERED as follows:

(1) By no later than *** the parties shall file:

(a) One joint set of stipulated preliminary jury instructions that both parties agree are appropriate for trial. These jury instructions will be read at the beginning of the case. The parties shall submit the stipulated preliminary jury instructions in the exact order they want them read to the jury; <u>the parties shall provide the full text of their requested instructions</u>. As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated preliminary jury instructions.

(b) One joint set of stipulated final jury instructions that both parties agree are appropriate for trial. These jury instructions will be read at the end of the case. The parties shall submit the stipulated final jury instructions in the exact order they want them read to the jury; <u>the parties shall provide the full text of their requested instructions</u>. As to citing authority, a

1 citation to the model jury instruction number or other authority is all that is required in
2 relation to stipulated final jury instructions.[1]
3 (c) One joint set of stipulated mid-trial jury instructions (if any) that both parties agree are
4 appropriate for trial. These jury instructions will be read in the midst of the case. The parties
5 shall submit the stipulated mid-trial jury instructions in the exact order they want them read
6 to the jury; <u>the parties shall provide the full text of their requested instructions</u>. As to citing
7 authority, a citation to the model jury instruction number or other authority is all that is
8 required in relation to stipulated mid-trial jury instructions.
9 (d) One joint set of jury instructions that the parties can not agree on. The party advancing
10 a disputed jury instruction shall briefly explain why that instruction is appropriate and cite
11 authority to support the proposed jury instruction. Immediately after the explanation
12 supporting the disputed jury instruction, the opposing party shall briefly explain why that
13 instruction is inappropriate and cite authority to support the opposition. Where applicable,
14 the objecting party shall submit an alternative proposed instruction covering the subject or
15 issue of law.
16 (e) One joint set of stipulated voir questions. As to stipulated voir dire questions, the parties
17 do not need to cite authority or give a justification for stipulated voir dire questions.
18 Generally, the Court will be inclined to read stipulated voir dire questions to the jury.
19 (f) One joint set of proposed voir dire that the parties can not agree on. The party advancing
20 a disputed voir dire question shall briefly explain why that question is appropriate and cite
21 authority to support the proposed question. Immediately after the explanation supporting the
22 disputed question, the opposing party shall briefly explain why that question is inappropriate

---

[1] The Court notes that it likely will not read any additional instructions other than those specifically submitted by the parties pursuant to the deadline in this Order; as such, the parties should submit all jury instructions they feel are necessary for the jury in this case. After the Court receives the jury instructions from the parties, the Court will either discuss the instructions at the final pretrial conference, or issue an Order informing the parties what instructions were accepted and rejected prior to trial such that they will know the substance of all the preliminary and final jury instructions prior to trial. Likewise, prior to trial, the Court will either discuss verdict forms at the final pretrial conference, or issue an Order informing the parties what verdict forms will be used at trial.

1  and cite authority to support the opposition.  Where applicable, the objecting party shall
2  submit an alternative proposed question covering the subject or issue of law.  Generally, the
3  Court will be disinclined to read disputed voir dire questions to the jury.[2]
4  (g) Proposed jury verdict forms (the parties shall indicate if the verdict forms are stipulated
5  forms).   In addition, copies of all of these documents shall be mailed to chambers (to the
6  extent there are any exhibits, tabs must be included) and **Word Perfect or Word versions**
7  **of all of these documents shall be emailed to chambers**
8  (soto_chambers@azd.uscourts.gov).

As model instructions are constantly updated, the parties shall refer to the Ninth Circuit website for the most recent versions of the Ninth Circuit Civil Model Jury Instructions. Model instructions from this website are searchable and jury instructions can be cut and pasted from this website into Word Perfect or Word documents.  The parties should proceed in the same manner as to the most recent versions of the applicable Revised Arizona Jury Instructions (Civil) ("RAJI").  Ninth Circuit Civil Model Jury Instructions and the RAJI are likely to be adopted by the Court assuming such instructions are applicable under the circumstances whereas non-Ninth Circuit Civil Model Jury Instructions (unless stipulated) and non-RAJI instructions (unless stipulated) are less likely to be adopted unless a specific explanation and citation of authority supports the proposed instruction.

(2) The Pretrial Conference shall be held on *** at *** in Courtroom 6A.  Counsel for the parties shall personally appear in Court at the Pretrial Conference.  After reviewing the parties' pretrial filings, the Court may find that the *** pretrial conference is unnecessary; if this occurs, the Court will issue an Order vacating the pretrial conference.

---

[2] To aid the parties in formulating their own voir dire and to help the parties avoid covering issues the Court will have already covered in its voir dire, the Court has attached a sample voir dire script the Court has used in a previous civil case which reflects the typical questions the Court asks of the jury in civil cases.  *See* Attachment (Sample Civil Voir Dire Script). Typically, the Court asks the general voir dire questions reflected in the attachment, and then if necessary, gives each side a maximum of 30 minutes each to ask any additional questions of the jury that were not adequately covered by the Court's voir dire.  *See generally* Fed. R. Civ. P. 47.

1  (3) The Jury Trial shall begin on *** at *** in Courtroom 6A.  Typically, trial days begin at 9:30 a.m. and end at 5:00 p.m.  There is one morning recess, lunch, and one afternoon recess.  The trial will continue each consecutive weekday until the trial concludes.  The parties have indicated that trial will last *** days.

(4) The parties shall prepare at least four exhibit binders for trial that contain all the exhibits that are stipulated for admission by the parties (i.e., one for the Court, one for witnesses, one for counsel representing each opposing party or group of parties, and one for themselves).  The parties shall prepare at least four exhibit binders for trial that contain all the exhibits that are unstipulated.  The parties shall have these exhibit notebooks completed and give them to the Courtroom Deputy in the morning on the first day of trial.  *See* Attachment (Instructions for marking and submitting exhibits, exhibit lists, and witness lists for trial).  The parties shall contact the Court's Courtroom Deputy (Tiffany Dame-#520-205-4682) if they have additional questions regarding organizing exhibits, or if they would like to schedule a time to view the Courtroom and to test the Courtroom's equipment prior to trial.  Likewise, to the extent the parties may use depositions at trial, the parties shall prepare at least four stipulated deposition binders for trial and four unstipulated deposition binders for trial.  *See id.* All of the binders must be accompanied by a Table of Contents; any exhibits or depositions must be indexed with tabs that protrude from the documents and shall correspond to the Table of Contents.  The parties are strongly encouraged to thoroughly consult with each other such that as many exhibits and depositions as possible are stipulated to be admitted at trial.  The parties' failure to specifically seek, obtain, and be willing to stipulate to the admission of evidence at trial may result in sanctions especially in light of the fact that consistent objections to evidence at trial drastically expands the time that the jury, the Court, and the parties must expend on the trial. To the extent the parties are unable to stipulate to admission after exhausting all reasonable efforts to obtain stipulations, the parties should be prepared to thoroughly explain why they could not stipulate to admission, and each side should be able to thoroughly explain why a particular piece of evidence should or should

not be admitted in the midst of trial. The Court notes that to the extent certain issues could have and should have been specifically raised in timely motions in limine, such issues may be deemed untimely or otherwise waived if they are raised by the parties at trial.

(5) Unless otherwise stipulated and approved by the Court, the jury in this case shall consist of 8 jurors; any verdict must be unanimous. *See generally* Fed. R. Civ. P. 48(a) and (b) (a jury must consist of at least six, and any verdict must be unanimous and returned by at least 6 jurors). The respective parties shall be entitled to 3 peremptory strikes (3 for Plaintiff, 3 for Defendant) each for a total of 6 peremptory strikes in this trial. *See* Fed. R. Civ. P. 47(b); 28 U.S.C. §1870. The civil rules do not provide for alternate jurors in civil trials. Prior to the parties exercising their peremptory strikes, some jurors will likely be struck for cause. As to peremptory strikes, LRCiv 47.1 states: "Each side shall exercise its peremptory challenges simultaneously and in secret. The Court shall then designate as the jury the persons whose names appear first on the list." Near the beginning of voir dire, the parties shall be prepared to give a five minute mini-opening which gives the jury pool a general overview of the case; this mini-opening is not a time for extended arguments to the jury, but only a chance to give the jury a preview of the case.

(6) Counsel for the parties shall communicate with any individuals that may appear in court throughout the trial to ensure that they are apprised of proper court decorum. This includes wearing proper attire, silencing cell phones, remaining quiet, and refraining from recording photo or video from the court. Information regarding decorum shall be relayed to any parties, witnesses, and family and friends of parties or witnesses that may appear in court at any time throughout the proceedings in this case.

(7) The parties' proposed joint pretrial order is adopted as the final pretrial order of the Court (hereinafter, the "PTO") to the extent consistent with this Order, previous Orders, and any future Orders impacting the jury trial in this case. To the extent the parties have summarily listed objections (i.e., foundation, hearsay, Rule 403, etc.) to evidence listed in the PTO that were not included in timely motions in limine, or have briefly raised issues that were not

included in timely motions in limine, any such objections or issues will be ruled on as deemed necessary as they arise in the midst of trial. The parties are warned that to the extent such issues could have and should have been specifically raised in timely motions in limine, such issues may be deemed untimely or otherwise waived if they are raised by the parties at trial. NO WITNESS OR EXHIBIT, OTHER THAN THOSE SPECIFICALLY LISTED IN THE PTO AS ADOPTED AND AMENDED BY THE COURT, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e). FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION WITH PREJUDICE OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.